ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| NC CONTRACTORS & RENTAL, INC.<br><br>RECURRENTE<br><br>V.<br><br><br>MUNICIPIO DE NARANJITO<br><br>RECURRIDA | KLRA202400101 | *REVISIÓN JUDICIAL* procedente del Municipio de Naranjito, Junta de Subastas<br>_____<br>Adjudicación Subasta Pública Núm. 4 Serie: 2023-2024<br><br>_____<br>SOBRE:<br>Reparación de Caminos Afectados por Desastre DR-4339 en Varios Barrios del Municipio de Naranjito, ID 1277346, Camino Los Peluza, Bo. Cedro Abajo, Naranjito, P.R. |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2024.

Comparece *NC Contractor & Rental, Inc.* ("recurrente") mediante recurso de Revisión Administrativa y solicita que revoquemos la notificación de adjudicación de subasta emitida por el Municipio de Naranjito (en adelante "Municipio" o "recurrida") el 15 de febrero de 2024[1]. En esa ocasión, el Municipio adjudicó la subasta pública **Núm. 4 Serie: 2023-2024, Reparación de Caminos afectados por Desastre DR-4339 en varios barrios del Municipio de Naranjito, ID 1277346, Camino Los Peluza, Bo. Cedro Abajo, Naranjito, P.R.** a la compañía *Alondra Contractor Corp.*

---

[1] Dicha notificación fue enviada por correo regular el 16 de febrero de 2024.

NÚMERO IDENTIFICADOR

SEN2024_____

Por los fundamentos que exponemos a continuación, se desestima el recurso por falta de jurisdicción.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

El Municipio publicó un Aviso de Subasta informando que el jueves, 7 de diciembre de 2023 se llevaría a cabo la Pre-Subasta y el jueves, 21 de diciembre de 2023, la Subasta. Ambos eventos tendrían lugar en la Legislatura Municipal a las 10:00am. Luego de celebrada la Subasta, el 15 de febrero de 2024, la Junta de Subastas (en adelante "Junta") adjudicó la buena pro de la **Subasta Pública Núm. 4 Serie: 2023-2024, Reparación de Caminos afectados por Desastre DR-4339 en varios barrios del Municipio de Naranjito, ID 1277346, Camino Los Peluza, Bo. Cedro Abajo, Naranjito, P.R.** a *Alondra Contractor Corp.* por la cantidad de $2,939,962.46.

Inconforme con la determinación de la Junta, el 27 de febrero de 2024, el recurrente presentó ante nos un recurso de *Revisión Judicial Subasta* en el cual plantea los siguientes señalamientos de error:

> **PRIMER ERROR: ERRO [*sic*] LA HONORABLE JUNTA DE SUBASTA AL NO NOTIFICAR DE FORMA ADECUADA LA ADJUDICACION [*sic*] DE LA SUBASTA PUBLICA [*sic*] NUM. [*sic*] 4, SERIE 203-2024, REPARACIÓN CAMINOS POR DESASTRE DR-4339, ID 1277346 AL HACER LAS ADVERTENCIAS LEGALES CON BASE A LEYES DEROGADAS, Y NO CITAR CORRECTAMENTE LAS DISPOSICIONES LEGALES APLICABLES.**

> **SEGUNDO ERROR: ERRO LA JUNTA DE SUBASTA AL ADJUDICAR LA SUBASTA A LA EMPRESA ALONDRA CONTRATOR [*sic*], LICITADOR QUE NO PRESENTO [*sic*] UNA OFERTA RESPONSIVA.**

El 29 de febrero de 2024, este Tribunal emitió una Resolución ordenándole a la parte recurrida someter su Alegato en Oposición en el término dispuesto en el Reglamento del Tribunal de Apelaciones. Así las cosas, tanto el

Municipio como *Alondra Contractor Corp.* presentaron sus solicitudes de desestimación, el 19 y el 20 de marzo de 2024, respectivamente. Por su parte, el 20 de marzo de 2024, la parte recurrente presentó una Oposición a Solicitud de Desestimación. En dicha solicitud, el recurrente reconoce que presentó el recurso de revisión once (11) días después de la notificación sobre la adjudicación de la subasta. Sin embargo, basa su planteamiento en que el Municipio citó una ley derogada en la carta de adjudicación de subasta, lo que conlleva la nulidad de la adjudicación y la necesidad de volver a notificar. No le asiste la razón.

-II-

**A. Jurisdicción**

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen."[2] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[3] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[4]

Un recuso tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"[5], por lo que debe ser desestimado. Esto, debido a que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.

---

[2] *SLG Szendrey-Ramos* v. *F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil* v. *Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[3] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[4] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[5] *SLG Szendrey-Ramos* v. *F. Castillo*, *supra*, pág. 883.

### B. Código Municipal de Puerto Rico

El Código Municipal de Puerto Rico, en parte pertinente, dispone lo siguiente:

[…]

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a la(s) parte(s) afectada(s). **La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación.** La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. La competencia territorial será del circuito regional correspondiente a la región judicial a la que pertenece el municipio.[6]

-III-

Luego del correspondiente análisis de los documentos que obran en el expediente y a la luz del derecho aplicable, forzoso nos es desestimar el recurso por falta de jurisdicción dado que se presentó fuera del término provisto en la legislación. Veamos.

En el caso de autos, la Junta notificó la adjudicación de la subasta el 16 de febrero de 2024. Según dispone el Código Municipal de Puerto Rico, la parte que interesa solicitar la revisión de una determinación de la Junta deberá hacerlo dentro del término jurisdiccional de diez (10) días a partir del depósito en el correo de la notificación. En el caso de epígrafe, el recurrente presentó su recurso el 27 de febrero de 2024, es decir, un (1) día después de haber vencido el término.

---

[6] 21 L.P.R.A. § 7081. *Énfasis suplido.*

Ante tal situación, el recurrente alega que el término de diez (10) días no ha comenzado a transcurrir debido a que la notificación de adjudicación de subasta emitida por la Junta cita una ley derogada. No le asiste la razón.

Según se desprende de la notificación, la ley a la que hace referencia la Junta es la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, (en adelante "Ley Núm. 81-1991") también conocida como la *Ley de Municipios Autónomos de Puerto Rico*. Dicha legislación fue derogada y sustituida por la Ley Núm. 107 de 13 de agosto de 2020, según enmendada, también conocida como el *Código Municipal de Puerto Rico*. No empece lo anterior, las advertencias que deben constar en toda notificación de adjudicación de subasta no sufrieron enmienda alguna. A pesar de la Junta haber citado una ley derogada, la parte recurrente fue advertida correctamente sobre los siguientes aspectos: a). Derecho de las partes de acudir al Tribunal de Apelaciones para solicitar revisión judicial; b). Término para apelar la decisión; c). Fecha del archivo en autos de copia de la notificación y d). Fecha a partir de la cual comienza a transcurrir el término para solicitar la revisión.[7]

El propósito de las advertencias es que las partes que resultan afectadas por una decisión puedan salvaguardar sus derechos y ejercerlos debidamente dentro de los términos dispuestos en la legislación. Si bien es cierto que la legislación vigente es el *Código Municipal de Puerto Rico* y no la *Ley de Municipios Autónomos de Puerto Rico*, el recurrente fue advertido de los derechos que lo cobijan y aún así presentó el recurso de manera tardía.

---

[7] Apéndice del recurso, págs. 3-4.

Ante un escenario como el de autos, en el que el recurso de revisión fue presentado tardíamente, el Tribunal de Apelaciones carece de jurisdicción para atender el asunto.

-IV-

De conformidad con los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones